IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

IN RE:

RYAN ELLIOT SIEGMANN
SUSAN ANN SIEGMANN
DEBTOR(S)

11-50152
CHAPTER 13

EX PARTE MOTION TO RESTRICT ACCESS AND TO AUTHORIZE
THE FILING OF REPLACEMENT PROOF OF CLAIM

Pursuant to sections 105(a) and 107(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9037-1(c), CitiMortgage, Inc. ("Citi"), by and through its undersigned counsel, hereby moves this Court, for entry of an order (the "Order"), (i) directing the Clerk of the Court to restrict remote electronic access to the Designated Filing (as defined below) to protect certain confidential customer information ("PII") contained therein, and (ii) authorizing the filing of a Replacement Filing (as defined below). In support of this motion (the "Motion"), Citi respectfully states as follows:

## BACKGROUND

1.     Citi takes very seriously the need to protect its customers' PII and its obligations under Bankruptcy Rule 9037. Citi's good faith belief was that it had redacted the PII in compliance with Bankruptcy Rule 9037 prior to filing Proof of Claim No. 5-1 in the above-captioned case (the "Designated Filing").

2.     However, Citi has uncovered imperfectly-redacted PII in the Designated Filing, and therefore has filed the instant Motion to remediate the Designated Filing.[1]

---

[1]     The imperfect redaction may not be readily apparent, but is capable of detection if the filing is manipulated through the use of certain software.

3.  Citi is not aware of any instances in which the imperfectly-redacted PII was misused, and Citi believes the risk of unauthorized access or misuse for identity theft or other harmful purposes is low. By this Motion, Citi is taking steps to reduce potential exposure by permanently restricting access to the Designated Filing and by filing a redacted proof of claim that permanently conceals the PII.

### RELIEF REQUESTED

4.  By this Motion, Citi requests entry of an order (i) directing the Clerk of the Court to permanently restrict remote electronic access to the Designated Filing, and (ii) authorizing the filing of a redacted version of the Designated Filing that corrects for any imperfectly redacted PII (the "Replacement Filing").

5.  The Replacement Filing is identical to the Designated Filing in all respects except for the removal of any imperfectly redacted PII.

### BASIS FOR RELIEF REQUESTED

**A.  Cause Exists to Restrict Access to the Designated Filings and to Authorize Citi to File the Replacement Filings**

6.  Section 107(c)(1) of the Bankruptcy Code provides, in relevant part:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title. (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

7.  Bankruptcy Rule 9037(d)(2) provides, in relevant part, that "[f]or cause, the court may by order in a case under the Code: … (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Bankr. P. 9037(d)(2). Further, section 105(a)

of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

8. As noted above, despite its good faith efforts to fully redact all information subject to Bankruptcy Rule 9037, Citi, in its capacity as a creditor or other party in interest, has made a filing in this matter that is publicly available on the Court's electronic case filing system that contains imperfectly redacted PII.

9. In light of the foregoing, Citi respectfully submits that cause exists to grant the relief requested herein. It is in the best interests of all parties in interest, including, most notably, the affected debtor, that access to the Designated Filing be restricted to protect any PII from being revealed and misappropriated. If the Court were to deny the relief requested herein, there would be a risk of identity theft or some other unlawful injury to the affected debtor if third parties were to discover and misuse the debtor's PII in the Designated Filing. Citi respectfully submits that this is the very type of situation that section 107(c) of the Bankruptcy Code and Bankruptcy Rule 9037(d) were enacted to protect against.

10. Citi also requests authority to file the Replacement Filing. Importantly, the Replacement Filing is substantively identical to the Designated Filing in all respects, except for the removal of any imperfectly redacted PII. As a result, the Court's record in this case, as reflected on the Court's electronic case filing system, will be substantively unaltered by the relief requested herein.

11. Citi further requests that the Replacement Filing be deemed to have been filed, for all purposes, on the date the respective Designated Filing was originally filed to ensure that Citi is not prejudiced in any manner – for example, with respect to determining whether a proof of

claim was timely filed – as a result of the subsequent filing. To the extent that the Replacement Filing is not identical to the Designated Filing in all respects, other than as a result of the redaction of PII, the Designated Filing shall control in all respects (including, without limitation, to determine whether a proof of claim was timely filed) and shall be treated as conclusive in resolving any differences between the Designated Filing and the Replacement Filing. In the event of such discrepancy, the Replacement Filing shall be treated as filed as of the date the Court enters an order on this Motion.

12. Finally, Citi requests that to the extent the above-captioned case is closed, it will not be necessary for Citi to request that the case be reopened or to pay any associated reopening fees.

**WHEREFORE**, Citi respectfully requests that the Court enter an Order (i) directing the Clerk of the Court to permanently restrict remote electronic access to the Designated Filing, (ii) authorizing the filing of a Replacement Filing; (iii) determine that the above-captioned case not be reopened to the extent it is closed; (iv) determine that any reopening fees are inapplicable or waived; and (v) granting such other and further relief as the Court deems appropriate.

This the 17th day of May, 2013.

*s/ Siri Rhyne Setzer*
Siri Rhyne Setzer
N.C. State Bar No.: 41577
Counsel to CitiMortgage, Inc.
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
ncbkmail@shapiro-ingle.com
Phone: (704) 333-8107
Fax: (704) 333-8156

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

IN RE:

RYAN ELLIOT SIEGMANN
SUSAN ANN SIEGMANN
DEBTOR(S)

11-50152
CHAPTER 13

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing and annexed pleading or paper upon:

(Served via U.S. Mail)
Ryan Elliot Siegmann and Susan Ann Siegmann
220 Bluffton Road
Mooresville, NC 28115

(Served via U.S. Mail and Electronic Notification)
Robert Gerald LaMontagne
229 Davie Avenue
Statesville, NC 28677

(Served via Electronic Notification Only)
Mr. Steven G. Tate
212 Cooper Street
Statesville, NC 28677

by depositing the same in a postpaid wrapper properly addressed to each such party or his attorney of record in a post office or other official depository under the exclusive care and custody of the United States Postal Service and/or by electronic mail, if applicable.

    This the 17th day of May, 2013.

*s/ Siri Rhyne Setzer*
Siri Rhyne Setzer
N.C. State Bar No.: 41577
Counsel to CitiMortgage, Inc.
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
ncbkmail@shapiro-ingle.com
Phone: (704) 333-8107
Fax: (704) 333-8156

13-046059